NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WYLIE HARRIAT, JR., Family and All, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> WESTFIELD POLICE AND CHIEF, et al., : <br> : <br> Defendants. : | Civil Action No. 03-3879 (JAG) <br><br> OPINION |

**GREENAWAY, JR., U.S.D.J.**

Pro se Plaintiff, Wylie Harriat, Jr.[1] ("Plaintiff"), has filed a Complaint alleging, inter alia, violations of 42 U.S.C. §§ 1981, 1983, 1985, and 1986. Specifically, Plaintiff alleges that Defendants[2] deprived him and his family of real and personal property without due process of law. Defendants have filed numerous individual motions. At present, the matters before this Court are: (1) Amalia Naples and Family and Estate, Mrs. Daniel Louis Grossman,[3] and Daniel

---

[1] Plaintiff captioned his Complaint, "WYLIE HARRIAT [sic] JNR [sic], FAIMLY [sic] AND ALL: [sic]." However, in the caption, and throughout the Complaint, Plaintiff refers to himself in the singular. Despite this apparent confusion, this Court shall refer to Plaintiff in the singular throughout the Opinion. Further, to the extent Plaintiff intends to include any person or entity other than himself, the judgment of this Court, as reflected in this Opinion, shall apply with equal force.

[2] Although there are numerous individual defendants involved in this litigation, this Court shall refer to them collectively as "Defendants" for the sake of simplicity wherever possible.

[3] Mrs. Daniel Louis Grossman's ("Mrs. Grossman") name appears in the body of the Complaint but not in the Complaint's caption. On May 31, 2005, Daniel Louis Grossman ("Mr. Grossman") attempted to enter an appearance on her behalf but was informed by the Clerk's office that the caption and parties cannot be altered. (Letter from Daniel Louis Grossman

1

Louis Grossman's (collectively, "Grossman") Motion for Summary Judgment; (2) Liberty Bank's Motion for Summary Judgment; (3) W. Peter Ragan, Esq., J. Holder, Inc., Robert J. Donahue and Associates, W. Peter Ragan, Sr., Mrs. W. Peter Ragan, Sr., W. Peter Ragan, Jr., and Susan Horne and Family's (collectively, "Ragan")[4] Motion for Summary Judgment; (4) Union County, Union County Sheriff's Office, Union County Sheriff Ralph Froehlich, Sgt. Kara Davis, Union County Board of Chosen Freeholders, and Joseph Ascione, Esq.'s (collectively, "Union County")[5] Motion for Summary Judgment; (5) Westfield Police and Chief, Town of Westfield, and Town of Westfield Prosecutor's (collectively, "Westfield") Motion to Dismiss; (6) State of New Jersey's ("New Jersey") Motion to Dismiss; (7) Michael A. Lettieri's ("Michael Lettieri") Motion to Dismiss; and (8) the United States Postal Service's ("US Postal Service")[6] Motion to Dismiss.

For the reasons set forth below, the Court must first review its subject matter jurisdiction, raised as grounds for dismissal by Grossman's Motion for Summary Judgment, Ragan's Motion for Summary Judgment, and Lettieri's Motion to Dismiss. Based on this Court's analysis of subject matter jurisdiction, this Court finds that it lacks subject matter jurisdiction over this

---

("Grossman Letter") dated May 31, 2005.) Mr. Grossman requested that this Court consider the above motion as filed on Mrs. Grossman's behalf. (Grossman Letter.)

[4]Ragan joins in the motions filed on behalf of Grossman, Michael Lettieri, New Jersey, and Liberty Bank.

[5]The following defendants were improperly referred to in the caption of the Complaint or pled as: "Uion [sic] Country New Jersey," "Union Couuntry [sic] Sheriffs Office," "Ms. Ralph Froehlich," "K Davis," "Union Country Free Holder of New Jersey," and "Josep Ascione."

[6]Improperly referred to as "United States Post Corp." in the caption of the Complaint.

2

matter and therefore, the Complaint shall be dismissed as to all Defendants, with prejudice.[7] Furthermore, this Court shall grant the following motions: (1) Grossman's Motion for Summary Judgment; (2) Ragan's Motion for Summary Judgment; and (3) Michael Lettieri's Motion to Dismiss. The remaining motions are denied as moot.[8]

## BACKGROUND

Plaintiff, proceeding pro se, filed the instant Complaint on August 14, 2003, with an application to proceed in forma pauperis. This Court granted Plaintiff's request to proceed in forma pauperis on August 21, 2003. Plaintiff has brought suit against approximately 30 different defendants, among them numerous individuals, and Municipal, County, and Federal agencies, Corporations, Banks, and the State of New Jersey, based on his allegation that he and his family were deprived of real and personal property without due process of law. (Complaint dated August 14, 2003 ("Compl."), at ¶¶ 1-5, First Count ¶ 5.) Plaintiff alleges that his action arises under the Constitution (particularly under the provisions of the Fourteenth Amendment), and under the Civil Rights Act; specifically, 42 U.S.C. §§ 1981, 1983, 1985, and 1986. (Compl.) Plaintiff requests that the Court appoint him counsel (Compl.), and demands damages in the amount of fifty million dollars. (Compl., First Count ¶ 6.)

The following facts are alleged in the Complaint:

---

[7] To the extent that all Defendants have not joined in Grossman and Lettieri's motions attacking subject matter jurisdiction, this Court determines sua sponte that it cannot assert subject matter jurisdiction over this matter. Several Defendants moved for summary judgment or dismissal on other grounds; however, based on this Court's lack of subject matter jurisdiction, an in depth analysis of these grounds is unnecessary.

[8] These include: (1) Liberty Bank's Motion for Summary Judgment; (2) Union County's Motion for Summary Judgment; (3) Westfield's Motion to Dismiss; (4) New Jersey's Motion to Dismiss; and (5) US Postal Service's Motion to Dismiss.

    (1)    Plaintiff is a member of the black race (Compl., First Count ¶ 1);

    (2)    Plaintiff is homeless (Id.);

    (3)    Plaintiff formerly resided at 614 Stirling Place, Westfield, New Jersey (Id.);

    (4)    Plaintiff's family entered into a contract with Mr. Joseph A. Lettieri ("Mr. Lettieri") and Mrs. Ellen C. Lettieri ("Mrs. Lettieri"), both deceased, in 1973, to buy property located at 614 Stirling Place, Westfield, New Jersey (Compl., First Count ¶ 3);

    (5)    A dispute arose regarding Mr. Lettieri's numerous bookkeeping errors (Id.);

    (6)    Plaintiff's family obtained a mortgage from Axia Federal Savings and Loan on January 1, 1973 (Id.);

    (7)    On January 1, 1973, the mortgage with Mr. and Mrs. Lettieri was satisfied (Id.);

    (8)    All defendants undertook to discriminate against Plaintiff and his family, and to deprive them of certain property without due process of law, and in violation of the United States Constitution. (Compl., First Count ¶ 5.)

This action appears to arise from events occurring in 2001. (Compl., Second Count ¶ 9, Annexes 1-4.)[9] According to the documents attached to the Complaint, Plaintiff was living at 614 Stirling Place, Westfield, New Jersey, in a house formerly owned by his family, until he was forcibly dispossessed by the Sheriff sometime in 2001. (Compl., Second Count ¶ 9, Annex 1.)

The following events led to Plaintiff's eviction.[10] In April 1998, in partial satisfaction of

---

[9]Plaintiff only lists three attached documents in Paragraph 9 of his Complaint, however, he has marked two entirely separate, and unrelated documents as "A(3)" (e.g., Annex 3). For purposes of clarity, this Court shall refer to the final document as "Annex 4."

[10]There is nothing in the Complaint or the attached documents that indicates what, if any, interest Plaintiff ever had in the house at 614 Stirling Place. There are no dates in the Complaint

4

a state court judgment in favor of Amalia Naples ("Mrs. Naples"), the estate of Joseph Lettieri and Ellen Lettieri, assigned to Mrs. Naples a bond and mortgage on premises at 614 Stirling Place, Westfield, New Jersey.  (Declaration of Daniel Louis Grossman, Esq. dated May 31, 2005 ("Grossman Decl."), at ¶ 2, Ex. A.)  The original mortgagors were members of Plaintiff's family.  (Compl., Second Count ¶ 9, Annex 1; Grossman Decl. ¶ 2, Ex. A.)  In September and November of 1998, pursuant to his client Mrs. Naples' instructions, Mr. Grossman attempted to collect the loan.  (Grossman Decl. ¶ 3, Ex. B.)  In April 1999, Mr. Grossman sent out a New Jersey Fair Foreclosure Act notice to Plaintiff and several members of his family.  (Grossman Decl. ¶ 4, Ex. C.)  On June 28, 1999, on behalf of Mrs. Naples, Mr. Grossman instituted a foreclosure suit in the Superior Court of New Jersey, Chancery Division, Union County, Docket No. F-10832-99, which named Plaintiff and members of his family among the defendants.  (Grossman Decl. ¶ 5, Ex. D.)  On September 3, 1999, while that litigation was pending, Mrs. Naples assigned the bond and mortgage to J. Holder, Inc.  (Grossman Decl. ¶ 7, Ex. F.)  A default Order was entered in favor of J. Holder, Inc. on March 16, 2001.  (Certification of W. Ragan, Esq. dated July 13, 2005 ("Ragan Cert."), at ¶ 2, Ex. A.)  An Order Fixing the Amount, Time and Place for Redemption was entered May 22, 2001, and Final Judgment was entered on July 11, 2001.  (Ragan Cert. ¶ 3, Exs. B-C.)  Thereafter, an Order denying defendant Patricia Cleveland's motion to vacate the final judgment was entered September 21, 2001.  (Ragan Cert. ¶ 3, Ex. D.)

       The apparent basis for Plaintiff's allegation that his family's property was taken without due process appears to stem from his belief that Joseph A. Lettieri, an attorney with whom his

---

indicating when any of the Defendants committed any of the alleged wrongdoing.  Even construing the Complaint and attached documents liberally this Court is hard pressed, without reliance on Defendants' documents, to reconstruct the relevant facts here.

family once held a mortgage, was responsible for the mismanagement of that mortgage, which ultimately resulted in an improper foreclosure suit, and writ of dispossession.[11]

Plaintiff previously filed a complaint in this Court (Civil Action No. 01-3810), on August 13, 2001, in which he named many of the same defendants, and essentially made the same allegations. (Ragan Cert. ¶ 4, Ex. E.) That complaint was dismissed for lack of jurisdiction on September 24, 2001. (Ragan Cert. ¶ 4.)[12]

## DISCUSSION

Plaintiff has attempted to frame the instant Complaint as an action based on the violation of his civil rights by alleging that he and his family were deprived of real and personal property,

---

[11] This information was gleaned from the four documents attached to the Complaint. (Compl., Second Count ¶ 9, Annexes 1-4.) Three of the documents are letters written by William H. Michelson ("Michelson"), Attorney at Law. (Compl., Second Count ¶ 9, Annexes 1-3.) These letters (dated August 29, 2001, September 6, 2001, and September 7, 2001, respectively) appear to indicate that Plaintiff, and his brother Arthur Harriat (the "Harriats"), hired Michelson after the Superior Court of New Jersey entered the Final Judgment of Foreclosure on July 11, 2001, based on their claim that the mortgage that was the subject of the foreclosure suit, was or should have been paid off in 1975, and therefore could not serve as the basis of the foreclosure suit. (Compl., Second Count ¶ 9, Annex 1.) Michelson found two mortgages on 614 Stirling Place, both made to Queen Esther Harriat (Plaintiff's mother) and Sammy Harriat (one of Plaintiff's brothers): 1) for $18,000 to Joseph A. Lettieri, an attorney, and his wife, Ellen, recorded June 19, 1973; and 2) for $14,000 to Axia Federal S & L, recorded January 23, 1975, and marked cancelled on February 6, 1998. (Compl., Second Count ¶ 9, Annex 1.) The Harriats claimed that the second mortgage was supposed to result in the discharge of the mortgage held by Joseph Lettieri. (Compl., Second Count ¶ 9, Annex 1.) The final document attached to the Complaint is a letter from Sandra L. Sievewright, Assistant Vice President of Liberty Bank, to Wylie Harriat (apparently Plaintiff's father), dated August 6, 2001, advising him that the mortgage obtained on January 22, 1975, between Queen Esther Harriat, Sammy Harriat, Wylie Harriat, and Liberty Bank (formerly Axia Federal Savings and Loan), was satisfied in January 1998. (Compl., Second Count ¶ 9, Annex 4.)

[12] According to Court records, Plaintiff's previous federal complaint was dismissed for lack of subject matter jurisdiction, on September 24, 2001, by Order of Judge Dickinson R. Debevoise, pursuant to the provisions of 28 U.S.C. § 2283 (prohibiting federal courts from granting injunctions to stay proceedings in State court except in certain specified circumstances).

without due process of law, in violation of 42 U.S.C. §§ 1981, 1983, 1985, and 1986.  In actuality, Plaintiff's Complaint is his second attempt to litigate or appeal a final state court judgment (namely, the Superior Court of New Jersey's Final Judgment of foreclosure), in federal court.  Previously, Plaintiff filed a complaint in this federal district court (Civil Action No. 01-3810) on August 13, 2001, in which he named many of the same defendants, and essentially made the same allegations.  That complaint was dismissed for lack of subject matter jurisdiction on September 24, 2001.

      Federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue sua sponte.  See Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995).  Rule 12(h)(3) of the Federal Rules of Civil Procedure requires that federal courts dismiss an action "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter."  The law grants subject matter jurisdiction to the federal district courts over all civil actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  Jurisdiction of federal district courts is strictly original, not appellate.  Exxon Mobil Corp. v. Saudi Basic Industries Corp., 125 S. Ct. 1517, 1521 (2005) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)).  Congress has empowered only the Supreme Court of the United States to exercise appellate authority to reverse or modify a state court judgment.  Id.  A filing in the district court which is in essence an appeal of a final state court decision must be dismissed for lack of subject matter jurisdiction.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 (1983) (District courts lack subject matter jurisdiction to review state court final adjudications).

      Recently, the Supreme Court reiterated the narrow ground occupied by Rooker and

7

Feldman:

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

Exxon Mobil Corp. v. Saudi Basic Industries Corp., 125 S. Ct. at 1521-1522.

As discussed above, Plaintiff's claims arise from a final judgment of foreclosure by the Superior Court of New Jersey, Chancery Division, Union County. The instant Complaint is in essence an appeal of a final state court decision. This case fits squarely into the kind of cases contemplated in the Supreme Court's discussion of the Rooker-Feldman doctrine. Therefore, this Court lacks subject matter jurisdiction, and the Complaint shall be dismissed with prejudice, pursuant to FED. R. CIV. P. 12(h)(3).[13]

---

[13]This Court has determined that it lacks subject matter jurisdiction and shall dismiss the Complaint with prejudice as to all Defendants. As a consequence, Defendants' numerous motions addressing other bases for dismissal or summary judgment shall not be addressed. Similarly, Plaintiff's request for appointment of counsel is now moot. The Court notes that the appointment of counsel for civil litigants is discretionary. See Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). In light of the Complaint's dismissal, Plaintiff's request for appointment of counsel is denied, as moot.

## CONCLUSION

For the foregoing reasons, this Court concludes that it lacks subject matter jurisdiction. Pursuant to FED. R. CIV. P. 12(h)(3), the Complaint shall be dismissed as against all Defendants, with prejudice. Furthermore, this Court grants the following motions: Grossman's Motion for Summary Judgment, Ragan's Motion for Summary Judgment, and Michael Lettieri's Motion to Dismiss. The remaining motions, and Plaintiff's request for appointment of counsel are denied as moot.

Dated: December 28, 2005

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.